UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CHRISTINE M. CARTWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-957 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) ) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. In March 2008, plaintiff filed her applications for benefits alleging a March 6, 2008 onset of disability. Plaintiff's disability insured status expired on September 30, 2009. Thus, it was plaintiff's burden on her claim for DIB benefits to submit evidence demonstrating that she was disabled on or before September 30, 2009. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claims for DIB and SSI benefits were denied on initial review. On September 8, 2010, she received a hearing before an administrative law judge at which she was represented by counsel (ALJ). (A.R. 68-123). On September 23, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 29-39). On July 9, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. She asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ did not properly evaluate plaintiff's obesity and consider its impact on her ability to be employed;

2. The ALJ failed to base his credibility determination on substantial evidence in the record;

3. The ALJ erred in "discounting the claimant's credibility to the extent that it was inconsistent with the above stated residual functional capacity[;]" and

4. The ALJ violated the treating physician rule.

(Plf. Brief at iii, docket # 13). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence

shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010). The administrative decision must be evaluated on the record presented to the ALJ. The exhibit that plaintiff attached to her brief without any supporting argument or analysis (docket # 13-1, 5/25/11 Notice of Award of SSI benefits) must be disregarded. This court's appellate review of the ALJ's decision is limited to the evidence presented to the ALJ appearing in the certified administrative record. *See Jones v. Commissioner*, 336 F.3d at 478; *see also DeLong v. Commissioner*, 748 F.3d 723, 725 n.3 (6th Cir. 2014). Plaintiff did not request a remand to the Commissioner under sentence six of 42 U.S.C. § 405(g) and she made no attempt to satisfy her statutory burden for such a remand. *Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010); *see Curler v. Commissioner*, No. 13-1721, __ F. App'x __, 2014 WL 1282521, at * 10 (6th Cir. Apr.

1, 2014) (Where the claimant fails to develop an argument supporting a request for remand, "the request is waived."). It is well established that a subsequent administrative decision awarding benefits for a different time period does not satisfy the plaintiff's burden under sentence six: "[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." *Allen v. Commissioner*, 561 F.3d 646, 653 (6th Cir. 2009).

### Discussion

The ALJ found that plaintiff met the disability insured status requirement of the Social Security Act from March 6, 2008, through September 30, 2009, but not thereafter. (A.R. 31). Plaintiff had not engaged in substantial gainful activity on or after March 6, 2008. (A.R. 31). Plaintiff had the following severe impairments: "obesity, obstructive sleep apnea, left ventricular hypertrophy, type II diabetes mellitus, degenerative joint disease of left knee, degenerative disc disease of lumbar spine, hyperlipidemia and hypothyroidism." (A.R. 31). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 32). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except claimant is limited to occasional balancing, stooping, kneeling, crouching, crawling, climbing ramps/stairs, and overhead work. She must avoid climbing ladders, ropes, and scaffolds and must be afforded the option to sit or stand during the workday, one to two minutes every hour. She is also limited to occasional pushing/pulling with the lower extremities to include the option of foot pedals. Claimant must avoid concentrated exposure to fumes, odors, dusts, and gasses and she is limited to occupations that do not require exposure to dangerous machinery and unprotected heights.

(A.R. 32). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (A.R. 32-37). Plaintiff was unable to perform any past relevant work. (A.R. 37). Plaintiff was 41-years-old as of her alleged onset of disability, 42-years-old as of her date last disability insured, and 43-years-old as of the date of the ALJ's decision. Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 37). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 37). The transferability of job skills was not an issue in this case because all plaintiff's past relevant work was unskilled. (A.R. 37). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 14,000 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 115-19). The ALJ found that this constituted a significant number of jobs. Using Rule 201.27 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 38-39).

**1.**

Plaintiff argues that the ALJ did not properly evaluate her obesity and consider its impact on her ability to be employed. (Plf. Brief at 13-14). She cites no legal authority in support of her argument. Issues raised in a perfunctory manner are deemed waived. *Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012).

Even assuming that plaintiff did not waive the issue, it is meritless. Social Security Ruling 02-1p reminds ALJs to consider the effects of obesity when evaluating a claimant's disability. However, it is a "mischaracterization to suggest that Social Security ruling 02-1p offers any

particular mode of analysis for obese disability claimants." *Coldiron v. Commissioner*, 391 F. App'x 435, 442 (6th Cir. 2010). The following paragraph is an illustrative sample of the ALJ's attention to plaintiff's obesity and its impact on her ability to work:

> [I]t appears as though most of the claimant's medical issues center[] around her obesity and smoking. The claimant's style of life is not consistent with that of a person who is disabled or who believes her condition is life-threatening. She is aware of the complicity of her smoking and her extreme obesity in relation to her health; however she has lost only a little weight and she has not stopped smoking. At one point, the records show she considered undergoing bariatric surgery and she even testified that she considered having gastric bypass surgery, but also testified that her doctor advised against it for various reasons includ[ing] her back. However, reports show the claimant said that she "cannot" change her eating habits because it is too difficult. The doctor said the claimant will need to follow medical management prior to even considering surgical treatment. In addition, the claimant is diagnosed with sleep apnea. The report from the sleep study performed in May 2008 indicated that the severity of sleep breathing disorders is likely to improve with weight loss (Exhibits 10F, 11F, and 21F).

(A.R. 36). The ALJ incorporated obesity-related functional restrictions in his factual finding regarding plaintiff's RFC. (A.R. 32). I find that "[t]he record here shows that the ALJ sufficiently accounted for the effect that obesity has on [plaintiff's] ability to do sedentary work." *Coldiron*, 391 F. App'x at 443.

**2.**

Plaintiff's argument that the ALJ committed reversible error in "discounting the claimant's credibility to the extent that it was inconsistent with the above stated residual functional capacity" is untenable. The ALJ's opinion contains a general finding that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the ALJ's factual finding regarding her RFC. (A.R. 35). The ALJ continued the analysis and explained why he found that plaintiff's testimony regarding the intensity,

persistence, and limiting effects of her symptoms was not credible. *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007), 20 C.F.R. §§ 404.1529, 416.929; *accord Bjornson v. Astrue*, 671 F.3d 640, 645, 649 (7th Cir. 2012).

Plaintiff argues that the ALJ's factual finding regarding her credibility is not supported by substantial evidence. (Plf. Brief at 14-17). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. The ALJ gave very careful attention to plaintiff's testimony regarding her subjective limitations. His analysis of the evidence is quite lengthy and will not be reproduced in its entirety herein. Among other things, the ALJ noted that plaintiff's credibility was undermined by her persistent failure to follow prescribed medical treatment and stop smoking cigarettes and lose weight.[1] It was appropriate for the ALJ to draw an adverse inference from plaintiff's failure to follow medical advice regarding weight loss and smoking. Social security regulations make pellucid that the claimant bears the burden of demonstrating good reasons for her failure to follow prescribed treatment: "If you do not follow the prescribed treatment without good reason, we will not find you disabled." 20 C.F.R. §§ 404.1530(b), 416.930(b). The Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988).

Further, the ALJ noted the lack of objective evidence supporting the limitations that plaintiff claimed:

> There is not a lot of objective medical evidence of record to document the existence of any medically determinable impairment that possibly could cause the severe, totally disabling symptomatology that is alleged. At the hearing, and in her visits to her doctors, the claimant indicated that she was primarily limited due to low back pain and left knee pain. An MRI of the lumbar spine performed in December 2009 and showed degenerative disc disease as well as a grade I anterolisthesis at L5-S1 with only a mild, diffuse disc bulge present (Exhibit 18F). During the examination with Dr. Jones, the claimant had paralumbar tenderness, diffusely mild. Flexion of the left knee was 60 degrees and flexion of the right knee was 75

---

[1] The record is replete with medical records directing plaintiff to stop smoking cigarettes, control her diet, and lose weight. (*See, e.g.*, A.R. 265, 425, 443, 446, 499, 505, 510, 571-71, 575-76, 578). Treating physicians at the Care Free Medical Clinic described plaintiff as "very noncompliant." (A.R. 528).

> degrees. She had moderately decreased range of motion of the left hip but this primarily appeared to be secondary to her body habitus. Gait was very wide-based and antalgic because of her knee pain (Exhibit 14F).

(A.R. 36). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534. The ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

Plaintiff argues that the ALJ's observation that the evidence "fail[ed] to show that the claimant has undergone surgery, or has required any hospitalization, for any of her alleged problems" (A.R. 36) was inaccurate. (Plf. Brief at 11-13). The ALJ's statement was generally accurate in summarizing the evidence for the time periods at issue. The periods at issue were from plaintiff's alleged onset of disability of March 6, 2008, through her date last disability insured (September 30, 2009) on her claim for DIB benefits, and through the date of the ALJ's decision (September 23, 2010) on her claim for SSI benefits.[2] Plaintiff did have brief hospitalizations in March 2008 at South Florida Baptist Hospital and Sparrow Hospital in Michigan, primarily for treatment of cellulitis on her left leg. (A.R. 425-76). It is patent that the ALJ considered the hospital records for these episodes. He summarized them on pages 4 and 5 of his opinion as follows:

> The claimant alleged disability beginning March 6, 2008. On that day, she presented to the hospital in Florida with redness and swelling of her left leg. She was hospitalized and underwent broad-spectrum antibiotics. She was also found to have anemia, uncontrolled diabetes, and she was counseled for smoking cessation. On March 10, 2008, she was discharged (against medical advice) with diagnoses that included cellulitis of the left lower extremity, anemia with iron deficiency and B12 deficiency, marked obesity, diabetes, hypertension, hypothyroidism, dyslipedemia, and tobacco use disorder (Exhibit 5).

---

[2] Much of the evidence that plaintiff presented in support of her claims for DIB and SSI benefits was from the period before her alleged onset of disability, when she was a Florida resident and traveled across the country on a seasonal basis as a carnival employee. (*see, e.g.*, A.R. 264-336, 364-424).

> On March 20, 2008, she again presented to the emergency room with left lower extremity swelling. She said her left leg cellulitis ha[d] never gotten better since she left the hospital in Florida. As she left the previous hospital against medical advice, her cellulitis treatment was never completed. She was admitted and underwent full treatment of the cellulitis. She was discharged on March 24, 2008 with a diagnosis of left lower extremity cellulitis with continued antiobotics.

(A.R. 32-33). The error in the ALJ's opinion indicating that plaintiff had not required "any" hospitalization is not material.[3] It does not provide a basis for disturbing the Commissioner's decision.

**3.**

Plaintiff argues that the ALJ violated the treating physician rule in the weight he gave to the opinions of her treating physicians at the Care Free Medical Clinic: Barry Saltman, M.D., and James Eichmeier, M.D. (Plf. Brief at 7-13; Reply Brief). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."). Likewise, "no

---

[3] The Supreme Court has cautioned appellate courts against becoming "impregnable citadels of technicality." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). "No principle of administrative law or common sense requires [this court] to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Commissioner*, 167 F. App'x 496, 507 (6th Cir. 2006) (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)).

special significance"[4] is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner.  20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference.  *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011).  "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician.  Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'"  *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)).  A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight.  *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see*

---

[4]"We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section."  20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

*also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Gayheart v. Commissioner*, 710 F.3d at 376.

Plaintiff argues that the ALJ "failed to provide specific reasons" for rejecting Dr. Eichmeier's opinion that plaintiff was unable to work at any job and could never lift or carry any weight.[5] (Plf. Brief at 7-12) (citing A.R. 480, 490). On April 16, 2008, within a month after

---

[5]Plaintiff mentions Dr. Saltman as being another treating physician at the Care Free Medical Clinic, but fails to identify any specific opinion expressed by Dr. Saltman which failed to receive appropriate weight. The ALJ considered Dr. Saltman's treatment records at length. (A.R. 34).

plaintiff's return to Michigan from Florida, Dr. Eichmeier completed a Michigan Department of Human Services form. (A.R. 480). In the box inquiring about plaintiff's ability to lift and carry weights, Eichmeier indicated that plaintiff should "never" lift any weight, without further explanation. (*Id.*). On the same date, on a Department of Human Services "Medical Needs" form, Eichmeier marked a box indicating that plaintiff could not then perform "any job." (A.R. 490). In response to the question regarding how long this limitation would last, Eichmeier made the notation, "6 mo.?" (*Id.*). Dr. Eichmeier's opinion that plaintiff was unable to work was not entitled to any particular weight because the issue of disability is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). The ALJ did not credit Dr. Eichmeier's opinion that plaintiff should never lift any weight because the opinion was not well supported by objective evidence, was inconsistent with the overall medical record and was not supported by Eichmeier's own progress notes:

> [T]he undersigned is well aware of the report from Dr. Eichmeier who stated the claimant is not able to work at her usual occupation or any job. In an eight-hour workday, she cannot lift/carry any weight and stand/walk less than two hours. She cannot use her feet/legs for operating foot/leg controls (Exhibit 8F). The undersigned has carefully evaluated this opinion under the guidelines set out in section 404.1527 of Regulations No.4. In doing so, it must be concluded that this opinion is not reliable, credible, or controlling in any way. This opinion is inconsistent with the overall medical evidence of record, as discussed above, and is not even supported by the specific findings of Dr. Eichmeier, himself.

(A.R. 36). The ALJ's findings are supported by more than substantial evidence and are adequately explained.

        In addition, plaintiff makes a passing argument that the ALJ "failed to balance the factors set out in 404.157 [sic] of Regulations No. 4 when rejecting the opinion of Dr. Eichmeier and Dr. Saltman [of] CareFree Medical." (Plf. Brief at 10). I assume that plaintiff intended to cite 20

C.F.R. §§ 404.1527(c), 416.927(c), and was alluding to the list of factors an ALJ is to consider in weighing medical opinions.  The ALJ considered all the relevant factors.  Saltman and Eichmer were plaintiff's primary care providers, and the ALJ considered the records that they generated regarding plaintiff at the Care Free Medical Clinic.  (A.R. 34).  Among other things, the progress notes documented plaintiff's persistent failure to comply with medical directives lose weight and stop smoking.  (*Id.*).  Eichmeier's proffered restrictions were not well supported by objective evidence and were inconsistent with the administrative record as a whole.  I find no basis for disturbing the Commissioner's decision denying plaintiff's claims for DIB and SSI benefits.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  July 24, 2014            /s/  Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).